# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **FITZHUGH LEE WARREN, III,** | ) | **CASE NO. 7:19CV00428** |
| | ) | |
| Petitioner, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **VIRGINIA BEACH CIRCUIT COURT,** | ) | By: Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| Respondent. | ) | |

Petitioner Fitzhugh Lee Warren, III, a Virginia inmate proceeding pro se, filed this federal court petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. He challenges the April 2019 judgment of the Virginia Beach Circuit Court under which he stands convicted of various offenses and sentenced to serve prison time. Upon review of the record, the court concludes that the petition must be summarily dismissed without prejudice, because Warren has not yet exhausted available state court remedies.

Under 28 U.S.C. § 2254(b), a federal court like this one cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. The exhaustion requirement is satisfied by seeking review of the claims, throughout the state court system, to the highest state court with jurisdiction to consider the claims. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). For claims of ineffective assistance of trial counsel like those that Warren alleges, a petitioner may file a state habeas corpus petition in the Circuit Court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. Va. Code Ann. § 8.01-654(A)(1); § 17.1-406(B). In the alternative, he can file a state habeas petition directly with the Supreme Court of Virginia. Va. Code Ann. § 8.01-654(A)(1). Whichever route he follows in exhausting state court habeas remedies, a petitioner must ultimately present his claims to the Supreme Court of Virginia and

receive a ruling from that court before a federal district court can consider them on the merits under § 2254.

On the face of Warren's § 2254 petition, he states that he has not filed an appeal or a habeas corpus petition in any state court since he was sentenced in the Virginia Beach Circuit Court in April 2019. State court records available online also do not indicate that he has filed a habeas petition in any state court. Because these records indicate that Warren has not presented his current claims to any state court in a petition for a writ of habeas corpus and still has that available remedy, he has not yet exhausted available state court remedies as required under § 2254(b). Therefore, the court must dismiss his § 2254 petition without prejudice to allow him to return to state court to do so.[1] See Slayton v. Smith, 404 U.S. 53, 54 (1971) (finding that § 2254 habeas petition must be dismissed without prejudice if petitioner has not presented his claims to the appropriate state court and could still do so). An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to Warren.

ENTER: This 11th day of June, 2019.

_____
Senior United States District Judge

---

[1] Warren is advised that the time to file a state court habeas petition is limited under state law. If he is dissatisfied with the outcome after he has exhausted available state court remedies, by receiving a ruling from the Supreme Court of Virginia on his habeas claims, he may file another § 2254 petition at that time.

2